IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:24-cv-01033-CNS-SBP

RACHEL EVANS,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,

    Defendant.

---

ORDER

---

This matter comes before the Court on five motions filed by Plaintiff for injunctive relief: Plaintiff's Motion for Emergency Hearing, Preservation of Evidence for Temporary Restraining Order, ECF No. 12; Plaintiff's Motion for Emergency Hearing to Stay Eviction and Preserve Evidence, ECF No. 13; Plaintiff's Motion for an Expedited Emergency Hearing and Temporary Restraining Order Preliminary Hearing, ECF No. 23; Plaintiff's Motion for Preliminary Injunction and Restraining Order, ECF No. 25; and Plaintiff's Motion to have Injunctive Hearing, ECF No. 26. For the reasons explained below, the motions are DENIED.

### I. SUMMARY FOR PRO SE PLAINTIFF

You have filed five motions for a temporary restraining order (TRO) and for a preliminary injunction seeking multiple forms of relief, primarily to stay your eviction on

1

June 7 and to stop the sale of the property. In order for the Court to grant your motions, the law requires that you satisfy four factors; one of those factors is showing a likelihood of success on the merits. After considering the arguments raised in your motions, the Court denies your motions for injunctive relief, primarily because you did not show the required four factors. The Court will explain why it is denying the motions below, including a discussion of the legal authority that supports this conclusion.

## II. BACKGROUND

Plaintiff originally filed this case on March 11, 2024, in District Court in Mesa County, Colorado, as Case No. 2024CV21. ECF No. 3 at 1. In the state court complaint, Plaintiff named the Colorado Housing and Finance Authority, Dovenmuehle Mortgage, Inc., Janeway Law Firm, and the United States Department of Housing and Urban Development (HUD) as Defendants. Plaintiff alleges that Defendants violated a variety of statutes, regulations, and protocols relating to housing regulation, alleging that the mortgage servicers' implementation of COVID-19 mortgage relief programs was fraudulent and caused Plaintiff to lose her home to foreclosure. *Id.* at 1; ECF No. 11 at 1.

On April 17, 2024, HUD removed the action to federal court pursuant to 28 U.S.C. § 1442(a), which authorizes the removal of any civil action commenced in state court against an agency of the United States. ECF No. 1 at 2. On May 10, 2024, Plaintiff filed an amended complaint in this Court, listing only HUD as a Defendant. ECF No. 7. Because the other Defendants were not included in the amended complaint, they were terminated. ECF No. 14. Plaintiff then filed the five motions for injunctive relief at issue

2

here: the first two were filed on June 6, the third on June 11, the fourth on June 12, and the fifth on June 18. ECF Nos. 12, 13, 23, 25, 26. Plaintiff was evicted from the property on June 7.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 65 authorizes a district court to enter preliminary injunctions and issue TROs. Fed. R. Civ. P. 65(a), (b). The decision whether to issue a TRO is committed to a district court's sound discretion. *Allen W. Hinkel Dry Goods Co. v. Wichison Indus. Gas Co.*, 64 F.2d 881, 884 (10th Cir. 1933); *see also* 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2951 (3d ed. 2023) ("The issuance of a temporary restraining order is a matter that lies within the discretion of the district court."). The procedure and standards for determining whether to issue a TRO mirror those for a preliminary injunction. *See Emmis Commc'ns Corp. v. Media Strategies, Inc.*, No. CIV. A. 00-WY-2507CB, 2001 WL 111229, at *2 (D. Colo. Jan. 23, 2001) (citation omitted). "Preliminary injunctions are extraordinary remedies requiring that the movant's right to relief be clear and unequivocal." *Planned Parenthood of Kan. v. Andersen*, 882 F.3d 1205, 1223 (10th Cir. 2018).

To merit a temporary restraining order, Plaintiff must establish that (1) she has a likelihood of success on the merits; (2) she will suffer irreparable injury if the injunction is denied; (3) her threatened injury outweighs injury to the opposing party; and (4) the injunction would not be adverse to the public interest. *See, e.g., Wiechmann v. Ritter*, 44 F. App'x 346, 347 (10th Cir. 2002). A plaintiff seeking a TRO must satisfy all four elements; a "plaintiff's failure to prove any one of the four preliminary injunction factors

renders its request for injunctive relief unwarranted." *Vill. of Logan v. U.S. Dep't of Interior*, 577 F. App'x 760, 766 (10th Cir. 2014); *Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1277 (10th Cir. 2022).

In addition to the four factors, a district court must also consider whether the movant's request falls within one of the "disfavored injunction" categories. The categories of disfavored injunctions include those that will (1) alter the status quo, (2) mandate an affirmative act by the defendant, or (3) afford all the relief that the movant could expect to win at trial. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1259 (10th Cir. 2004). A request for disfavored injunctive relief "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004). Where a movant requests a disfavored injunction, the movant "must make a strong showing both on the likelihood of success on the merits and on the balance of the harms." *Colo. v. E.P.A.*, 989 F.3d 874, 884 (10th Cir. 2021) (quotation omitted).

For the first factor, a plaintiff generally need only "establish a reasonable probability of success, not an overwhelming likelihood of success.'" *Atchison, T. & S. F. Ry. Co. v. Lennen*, 640 F.2d 255, 261 (10th Cir. 1981) (citation and quotations omitted). As to the second factor, irreparable harm means that the claimed injury "must be both certain and great"; it is not enough to be "merely serious or substantial." *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001).

## IV.  ANALYSIS

Here, Plaintiff seeks injunctive relief for multiple purposes throughout the five motions. For each of these requests, Plaintiff has not met her burden of showing that injunctive relief is warranted, and so injunctive relief is denied.

First, Plaintiff seeks a TRO to stay her eviction. ECF No. 13. The motion for a TRO was filed on June 6, 2024, and entered on June 7. The eviction occurred on June 7, 2024. Because the date of eviction has passed and she has already been evicted, a TRO on this matter is moot and so is denied. Plaintiff's second motion, ECF No. 23, requests a preliminary injunction and TRO "to protect my interest in the property." ECF No. 23 at 3. It is unclear what Plaintiff is requesting; it appears to be a reiteration of the request to stay the eviction proceedings. However, such a request is moot because the eviction has already happened.

In the fourth motion, ECF No. 25, Plaintiff requests a preliminary injunction "to Protect the Plaintiff's Interest of Real Property. Stopping the Defendants from selling the property until the court's final decision." ECF No. 25 at 1. Similarly, in the fifth motion Plaintiff requests a hearing to "stop the Defendants from Selling the Plaintiff's Property and Returning Possession to the Plaintiff." ECF No. 26 at 2. However, Plaintiff has not met her burden of showing a likelihood of success on the merits. She contends, generally, that HUD has failed to comply with its duty to protect Plaintiff, without more information than what was in the complaint. See ECF No. 12 at 10. There is no information on how HUD has a duty to protect Plaintiff, how HUD's actions failed to protect Plaintiff, or how

5

that alleged failure relates to her legal claims. This is not enough to meet her burden of demonstrating a likelihood of success on the merits.

Additionally, Plaintiff's complaint only appears to lay out one claim against HUD: that HUD violated the Administrative Procedure Act (APA) by failing to establish clear rules and requirements for mortgage lenders and services regarding COVID mortgage modification programs. However, Plaintiff has not stated how HUD has failed to establish clear rules and requirements, nor how that alleged behavior would violate the APA. Additionally, HUD is not the entity overseeing the sale of Plaintiff's property, so prohibiting HUD from selling Plaintiff's property would not stop the sale from occurring. Also, in her fifth motion, Plaintiff requests that the property be returned to her; because this is requesting an affirmative action by Defendant, it constitutes a disfavored injunction and so the standard is even higher. Because nothing in the records indicates that HUD has violated the APA or any other law, Plaintiff has not established a reasonable probability of success on the merits, let alone the higher standard of a "significant showing." The Court does not need to analyze the remaining three factors, because Plaintiff has the burden of showing that all four factors are in her favor. Accordingly, this request for a preliminary injunction is denied.

Plaintiff also requests a variety of remedies, all of which are denied. These requests go to the merits of her case and are premature, as Plaintiff has not prevailed on any claims and so cannot request these remedies through injunctive relief. These remedies may also be outside the purview of this Court. Plaintiff requests the appointment of an independent third-party examiner to conduct "a comprehensive nationwide

6

investigation"; creation of a $50 million restitution fund; initiation of a congressional inquiry; transfer of enforcement authority to the U.S. Department of Justice; and establishment of a Fair Lending Testing Program, a public audit report, a borrower complaint hotline, and a historical complaint review. ECF No. 12 at 8–21. Plaintiff also requests that the Property be deeded to Plaintiff, that the Court investigate whether any judicial rulings facilitated the foreclosure practices at issue, and that the Court remind Mesa County Sheriff's Office of the duty to protect citizens' legal rights and to take all claims of fraud seriously. *Id.* These are all remedies that are not appropriately granted at this stage in the proceedings for many reasons, not the least of which is that Plaintiff has not proven her claims nor a likelihood of success on the merits, as described above. These requests are denied.

Finally, Plaintiff seeks a TRO to prohibit Defendants from destroying, altering, or allowing the destruction of evidence. ECF No. 12 at 2. Plaintiff claims that Defendants have already altered key evidence, including by allowing the Loan Solutions Center online portal to be disabled to prevent Plaintiff from accessing evidence of her modification requests. ECF No. 12 at 5–7. The Court will not consider, for purposes of this Order, whether these allegations are true. Destruction of evidence or the failure to preserve electronically stored information is a violation of Federal Rule of Civil Procedure 37(e). To the extent Plaintiff believes that that has happened, the appropriate relief is a motion pursuant to that rule.

Accordingly, the Court DENIES Plaintiff's motions for a temporary restraining order and other injunctive relief, ECF Nos. 12, 13, 23, 25, 26. The Court recommends that

Plaintiff consult the information available to plaintiffs representing themselves, including information on requesting appointment of counsel, which can be found on the court's website, www.cod.uscourts.gov/RepresentingYourself.aspx.

DATED this 20th day of June 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge