IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:24-cv-01033-CNS-SBP

RACHEL EVANS,

      Plaintiff,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,

      Defendant.

---

ORDER

---

This matter comes before the Court on three motions filed by Plaintiff: Plaintiff's two Motions for Reconsideration of Preliminary Injunction, ECF Nos. 33 and 34, and Plaintiff's Motion for Hearing on Previously Denied Motions, ECF No. 45. For the reasons explained below, the motions are DENIED.

### I. SUMMARY FOR PRO SE PLAINTIFF

You have filed motions asking the Court to reconsider its prior denial of injunctive relief. After considering the arguments raised in your motions, the Court denies your motions for reconsideration and for a hearing, primarily because you did not show that any new facts or a change in the law have occurred that would warrant reconsideration. The Court will explain why it is denying the motions below, including a discussion of the legal authority that supports this conclusion.

1

## II.  BACKGROUND

Plaintiff originally filed this case on March 11, 2024, in District Court in Mesa County, Colorado, as Case No. 2024CV21. ECF No. 3 at 1. On April 17, 2024, HUD removed the action to federal court. ECF No. 1 at 2. On May 10, 2024, Plaintiff filed an amended complaint in this Court, listing only HUD as a Defendant. ECF No. 7. Because the other Defendants were not included in the amended complaint, they were terminated. ECF No. 14. Plaintiff was evicted from the property on June 7. Plaintiff filed the six motions for injunctive relief: the first two were filed on June 6, the third on June 11, the fourth on June 12, the fifth on June 18, and the sixth on June 21. ECF Nos. 12, 13, 23, 25, 26, 27. The Court denied these motions on June 20 and June 25, 2024. Plaintiff then filed the two motions for reconsideration on July 5 and July 8, and the motion for a hearing on August 8, 2024.

## III.  LEGAL STANDARD

The Federal Rules of Civil Procedure do not provide for a motion for reconsideration. *Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995). However, district courts have plenary power to revisit and amend interlocutory orders as justice requires. *Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir.1980).

There are three main grounds that justify reconsideration: "(1) an intervening change in controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Stated differently, "a motion for reconsideration is

2

appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* Such relief is "extraordinary and may only be granted in exceptional circumstances." *Schmier v. McDonald's LLC*, 569 F.3d 1240, 1243 (10th Cir. 2009) (citation and quotations omitted).

## IV. ANALYSIS

Here, Plaintiff seeks reconsideration of the previous denial of injunctive relief and a hearing on her request for reconsideration. However, she has not demonstrated that justice requires reconsideration, or that any of the three occasions warranting reconsideration has occurred. The Court has not misapprehended the facts, or Plaintiff's position, or the controlling law. Instead, Plaintiff repeats the same arguments from her previous motions, which the Court has already addressed. Essentially, Plaintiff argues that the Court "has not given the Plaintiff any consideration of the accusations and the complexity of this case" and has not given Plaintiff the opportunity to present evidence. ECF No. 45 at 3. The Court assures Plaintiff that it has considered her arguments; however, her arguments do not meet the necessary burden for injunctive relief. For example, Plaintiff did not meet her burden of showing a likelihood of success on the merits because the eviction had already happened at the time Plaintiff filed her motions. The Court's previous order, ECF No. 28, describes these deficiencies in detail. Because Plaintiff has not brought up any new facts that the Court did not consider, a change in the law, or any clear error, the motions for reconsideration are denied. Disagreements with the Court's prior orders are not enough to satisfy the standard for reconsideration.

Because reconsideration is unwarranted, no hearing is necessary on the matter. Plaintiff is discouraged from filing additional motions rehashing the same arguments for injunctive relief, as these will also be denied. The Court again recommends that Plaintiff consult the information available to plaintiffs representing themselves, including information on requesting appointment of counsel, which can be found on the court's website, Representing Yourself | US District Court of Colorado (uscourts.gov), so that Plaintiff can follow the appropriate procedures for the next stages of litigation. While the Court is sensitive to Ms. Evans's situation and pro se status, it cannot act as an advocate and cannot disregard the standards set forth in the law. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Accordingly, the Court DENIES Plaintiff's motions for reconsideration and for a hearing, ECF Nos. 33, 34, 45.

DATED this 19th day of August 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge