IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:24-cv-01033-CNS-SBP

RACHEL EVANS,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,

    Defendant.

## ORDER

Before the Court is the Recommendation of United States Magistrate Judge Timothy P. O'Hara. ECF No. 73. Magistrate Judge O'Hara recommends dismissing Plaintiff's claims without prejudice for lack of subject matter jurisdiction. Plaintiff did not object to the Recommendation. For the following reasons, the Court affirms and adopts the Recommendation and dismisses the case without prejudice.

### I. SUMMARY FOR *PRO SE* PLAINTIFF

Your claims arise from your disputed mortgage payments and eviction. Magistrate Judge O'Hara determined that you did not have standing to bring your claims against HUD and recommended dismissing them.

Magistrate Judge O'Hara advised that you had 14 days after service of the Recommendation to file a written objection. ECF No. 73 at 14, n.11. You did not file an objection or otherwise respond within that window. As explained in more detail below, the

1

Court has reviewed the Recommendation and has determined that it is correct. The Court will explain why it is adopting the Recommendation in more detail below.

Because the Court is affirming Magistrate Judge O'Hara's Recommendation and granting Defendant's motion to dismiss, your claims against Defendant are dismissed without prejudice, which means that you may refile your claims in state court against the proper defendants if you can satisfy the procedural and jurisdictional requirements.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND[1]

Plaintiff originally filed this case on March 11, 2024, in District Court in Mesa County, Colorado. ECF No. 3 at 1. On April 17, 2024, HUD removed the action to federal court. ECF No. 1 at 2. Because Plaintiff's amended complaint only listed HUD as a defendant, the other state court defendants were terminated. ECF Nos. 7, 14. Plaintiff was evicted from the property on June 7. Plaintiff filed numerous motions for injunctive relief in June, which were denied. ECF Nos. 12, 13, 23, 25, 26, 27, 33, 34, 45, 52.

Defendant filed a motion to dismiss on July 9, 2024. ECF No. 36. Plaintiff filed a response on November 21, 2024, which the Court accepted as timely filed. ECF No. 68. Magistrate Judge O'Hara held a status conference on December 9, 2024, and heard arguments from both parties on the motion to dismiss. ECF Nos. 70, 72. Magistrate Judge O'Hara issued his Recommendation on January 9, 2025. ECF No. 73. Plaintiff did not object.

---

[1] Magistrate Judge O'Hara provided a detailed factual background of this case in the Recommendation, which the Court need not repeat.

### III.  ANALYSIS & ORDER

Under 28 U.S.C. § 636(b)(1)(B), this Court may designate a magistrate judge to consider dispositive motions and submit recommendations to the Court. When a magistrate judge issues a recommendation on a dispositive matter, the presiding district judge must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996).

When—as is the case here—neither party objects to a Magistrate Judge's Recommendation, the Court "may review a magistrate [judge]'s report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). The Court is "accorded considerable discretion" when reviewing "unchallenged" recommendations. *Id.*

The Court has reviewed Magistrate Judge O'Hara's Recommendation and is satisfied that it is sound, the analysis is thorough and comprehensive, and there is no clear error on the face of the record. Plaintiff does not have standing to bring her claims against HUD because she cannot establish that her injuries are traceable to HUD, or that the relief requested of this Court would redress her injuries. The Court thus lacks subject matter jurisdiction and the case must be dismissed.

The Court AFFIRMS and ADOPTS Magistrate Judge O'Hara's Recommendation, ECF No. 73, in its entirety as an order of this Court. Accordingly, the Court GRANTS

Defendant's Motion to Dismiss. ECF No. 36. The Clerk of Court is directed to close this case.

DATED this 3rd day of February 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge